**EXHIBIT 1 –
"Complaint"**

**EXHIBIT 1 –
"Complaint"**

FILED
JAN 27 2020
Eureka County Clerk

1 | COMP
LAW OFFICE OF DANIEL MARKS
2 | DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
3 | office@danielmarks.net
ADAM LEVINE, ESQ.
4 | Nevada State Bar No. 004673
alevine@danielmarks.net
5 | 610 S. Ninth Street
Las Vegas, Nevada 89101
6 | (702) 386-0536: FAX (702) 386-6812
*Attorneys for Plaintiff*

SEVENTH JUDICIAL DISTRICT COURT

EUREKA COUNTY, NEVADA

JACK AARON WHELCHEL

    Plaintiff,

v.

COUNTY OF EUREKA, a Political
Subdivision of the State of Nevada, and
THEODORE BEUTEL.

    Defendants.

Case No:
Dept. No.:

## COMPLAINT

COMES NOW Plaintiff, Aaron Whelchel, by and through undersigned counsel, Adam Levine, Esq. of the Law Office of Daniel Marks and for his causes of action against the Defendant herein alleges as follows:

1. At all times material hereto Whelchel was and is a resident of Eureka County, Nevada.

2. At all times material hereto Defendant Eureka County was and is a political subdivision of the State of Nevada.

RECEIVED
JAN 27 2020
Eureka County Clerk

1

3. At all times material hereto Defendant Theodore Beutel was and is the elected District Attorney of Eureka County and is a necessary party in order to afford Plaintiff complete relief.

## COUNT ONE
### (Extraordinary and Injunctive Relief Pursuant to NRS 289.120)

4. Jurisdiction is vested in the District Court as this is an action brought pursuant to NRS 289.120 for injunctive and extraordinary relief.

5. Whelchel is employed as a Deputy Sheriff by Eureka County through its Sheriff's Office and is a peace officer within the meaning of NRS Chapter 289.

6. On June 1, 2018, Keith Logan was the Sheriff of Eureka County.

7. In June 12, 2018, former Deputy Jesse Watts ran against Logan for Sheriff in the primary and won greater than 50% of the votes so as to render a general election in November unnecessary. Watts would take office as Sheriff January 7, 2019.

8. On July 2, 2018, Whelchel observed Logan's wife, Dina Salvucci, driving erratically under circumstances giving rise to probable cause to stop her vehicle for suspected DUI.

9. At the time Whelchel saw Salvucci driving erratically he was speaking with Sheriff Elect Watts on the telephone. As a trusted law enforcement officer and Sheriff Elect Whelchel informed Watts that he was about to make a traffic stop on Sheriff Logan's wife.

10. Whelchel subsequently developed probable cause to arrest Logan's wife for DUI.

11. Eureka County placed Whelchel on paid administrative leave pending investigation based upon an allegation that Whelchel did not have probable cause for an arrest.

12. Eureka County and Beutel utilized an attorney from its shared risk insurer POOL/PACT, Rebecca Bruch, to assist it with the investigation.

///

///

2

13. NRS 289.055 requires that any agency employing peace officers establish written procedures for investigating any complaint or allegation of misconduct made or filed against a peace officer employed by the agency, and make copies of these written procedures available to the public.

14. The Eureka County Sheriff's Office did in fact comply with NRS 289.055 through its Policies 340 and 1020 within the Eureka County Sheriff's Office Policy Manual.

15. Bruch and/or Beutel did not conduct the disciplinary investigation in accordance with Policies 340 and 1020. Instead, they utilized an individual named Wes Myers from an outside private firm, Spencer Investigations, LLC, to conduct the investigation of Whelchel in a manner inconsistent with the procedures adopted pursuant to NRS 289.055.

16. NRS 289.060 requires an agency employing peace officers to serve an officer under investigation with a written notice which must include "A summary of alleged misconduct of the peace officer".

17. On September 7, 2017, Whelchel was served with a "Notice of Interview – Principal" which purported to contain a "summary" of the alleged misconduct. However, many of the allegations contained within the "summary" were so vague so as to violate NRS 289.060. By way of example, one of the allegations was "You may have misrepresented material facts and/or made false or misleading statements on an application/documentation."

18. On or about January 3, 2019, Whelchel received a letter from Bruch informing him that Myers had "sustained 4 of the 5 allegations brought against you" but did not identify which allegations had been sustained or the basis therefor. Bruch claimed in the letter that only she had reviewed the results of the investigation.

19. After Sheriff Watts assumed his office on or about January 7 2019, Bruch suggested that he should recuse himself from the investigative/disciplinary process because he was a "witness" to the

///

3

case by virtue of having been on the telephone with Whelchel at the time of the traffic stop. Sheriff Watts initially agreed to do so.

20. On or about April 29, 2019, Sheriff Watts formally notified Eureka County and Bruch that he was rescinding his prior recusal from the report review and decision-making process in connection with Whelchel's case and stating his intent to bring the disciplinary investigation back into the control of the Eureka County Sheriff's Office. Sheriff Watts directed Bruch to deliver "the investigative report, all evidence, voice and video recordings and all files, e-mails and documents" pertaining to the Whelchel investigation to Watts' office.

21. On or about May 9, 2019, Sheriff Watts sent a second letter to Bruch, and courtesy copied Eureka County, documenting Bruch's failure to comply with the directive to deliver all of the materials related to the investigation, again directing her to deliver the relevant materials, and informed her that her point of contact would be Undersheriff James Clark.

22. Bruch again refused to deliver the investigatory materials related to Whelchel and took the position that her client was Eureka County and Eureka County District Attorney Theodore Beutel.

23. Based upon the outright refusal of DA Beutel and Bruch to turn over the investigatory materials on June 14, 2019, Sheriff Watts returned Whelchel to active duty status.

24. Pursuant to NRS 248.040 and the procedures enacted pursuant to NRS 289.055 only the Sheriff of Eureka County may discipline or remove a Eureka County Deputy Sheriff.

25. Beutel and Bruch without the knowledge and consent of Sheriff Watts negotiated and then executed an interlocal agreement between Eureka County and the City of Henderson to have the City of Henderson Police Department review the investigatory materials and make a disciplinary decision regarding Whelchel.

26. On or about June 26, 2019, Whelchel was personally served with a Notice of Intent to Terminate from Acting Deputy Chief David Burns of the City of Henderson Police Department

4

wherein Burns claimed that he was "Acting in the capacity of Eureka County Sheriff Designee". This Notice was accompanied by a letter from Burns to Bruch accusing Whelchel of destroying evidence, dishonesty and stopping Salvucci for personal reasons.

27. On June 26, 2019, Bruch on behalf of Beutel and Eureka County wrote to Sheriff Watts enclosing the Notice of Intent to Terminate Whelchel and informed Watts that he was "admonished that Deputy Whelchel may NOT be returned to active duty pending the outcome" of the proposed termination.

28. On June 26, 2019 and again on July 1, 2019, Sheriff Watts informed Acting Chief Burns, the City of Henderson, Buetel and Bruch that they were not Watts' "Designee" and that they had no authority to act in connection with the Whelchel matter. These individuals and entities were further informed that if they would turn over the investigatory materials, Sheriff Watts would review them and decide what action, if any, should be taken.

29. On July 3, 2019, Whelchel requested from Eureka County all of the materials relating to the investigation conducted by Wes Meyer of Spencer Investigations. That request has not been complied with.

30. On July 5, 2019, District Attorney Beutel wrote to Sheriff Watts and Deputy Whelchel claiming that any discipline which may result from the Wes Meyer investigation "is still in process" and stating his intent to place Whelchel on the County's *Brady* list as a result of the conclusions contained in the Meyer investigation. A "*Brady* list" is a compilation of peace officers or been found to have engaged in dishonesty in connection with their official duties. The "*Brady*" reference is a reference to the obligations of the prosecutor to disclose exculpatory evidence to a criminal defendant under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

///

///

5

31. The reason Beutel intended to place Whelchel on the *Brady* list was Beutel's belief that that Watts prematurely returned Whelchel to duty before the *ultra vires* disciplinary process being orchestrated by Beutel and Bruch had been completed.

32. On October 9, 2019, Sheriff Watts exercising the authority vested in him by both statute and the procedures enacted pursuant to NRS 289.055 determined that all of the accusations against Whelchel would be adjudicated as "Unsustained". While the Sheriff determined that there were several reasons requiring this disposition, the primary reason was that Beutel and Bruch had still not turned over the underlying investigative materials as of October 2019.

33. On December 6, 2019, Whelchel received a letter from District Attorney Beutel informing him that the Sheriff's determination that the charges were "Unsustained" is not determinative as to whether or not there is *Brady* material and that the District Attorney's Office may be dismissing criminal cases where Whelchel is a witness. In those cases which are not dismissed, Beutel's would turn over to the Court the very materials which he and Bruch have heretofore refused to turn over to Sheriff Watts and Whelchel.

34. A designation of a peace officer as a "*Brady* cop" or placement on a "*Brady* list" constitutes a severe form of adverse employment action as it significantly impedes a peace officer's ability to be hired by other law enforcement agencies.

35. The underlying charges against Whelchel in connection with his official duties so as to warrant designation under *Brady* were not properly reached, were in fact not sustained by the only authorized authority to determine such charges, and were the result of violations of NRS 289.055 and/or NRS 289.060.

36. NRS 289.120 authorizes an action for extraordinary (i.e. writ) and injunctive relief were a peace officer is aggrieved by an action of the employer in violation of the Peace Officers Bill of

///

1  Rights, NRS 289.010 through 289.120, inclusive. Whelchel has exhausted all administrative and
2  contractual remedies as required by the statute.

3      37.    As a result of Eureka County's violations of Whelchel's rights under 289.055 and NRS
4  289.060 Whelchel is entitled, under NRS 289.120, to a writ of mandamus directing Eureka County and
5  District Attorney Beutel to remove Whelchel from the County's *Brady* list and/or a writ of prohibition
6  prohibiting Eureka County and/or District Attorney Beutel from treating him as an officer properly on
7  the *Brady* list. Whelchel is further entitled pursuant to NRS 289.120 to an injunction to prevent any
8  further violations of NRS Chapter 289 or the taking of any reprisal or retaliatory action.

## COUNT TWO
### (Declaratory and Injunctive Relief Pursuant to 42 U.S.C. §1983)

11     38.    Plaintiff restates the allegations of paragraphs 1 through 37 and incorporates them herein
12 by reference.

13     39.    At all times material hereto Theodore Beutel was acting under color of State law.

14     40.    Whelchel has a liberty interest in his reputation as a peace officer within the meaning of
15 the Fourteenth Amendment's Due Process Clause, and placement on Eureka County's *Brady* list
16 adversely impacts his ability to pursue a future career in law enforcement outside of Eureka County.

17     41.    Whelchel's placement on the *Brady* list by Beutel was based upon a secret investigation,
18 inadequate notice of the charges, no explanation of the supporting evidence, and without any
19 opportunity for a meaningful hearing either before or after he was placed on the list.

20     42.    The actions of Beutel in placing Whelchel on the *Brady* list under the circumstances as
21 set forth above deprived Whelchel of his liberty interest in his reputation without due process of law in
22 violation of 42 U.S.C. §1983.

23     43.    While prosecutors enjoy absolute immunity from damages under 42 U.S.C. §1983, this
24 absolute immunity does not extend to claims for declaratory or injunctive relief under §1983.

7

WHEREFORE, Whelchel prays for judgment against the Defendants as follows:

1. For a writ of mandamus to issue pursuant to NRS 289.120 to Defendants requiring the removal from Eureka County's *Brady* list or alternatively a writ of prohibition to prohibit Defendants from designating/treating Whelchel as a *Brady* officer based upon the investigation arising out of the traffic stop and/or arrest of Dina Salvucci;

2. For an injunction to issue to Defendants to (a) prohibit any further violations of Whelchel's rights under NRS 289.055 and/or NRS 289.060, (b) to require any further investigations which may become necessary in the future to comply with the written policies adopted pursuant to NRS 289.055, and (c) to prohibit any further reprisal or retaliatory action taken against Whelchel;

3. For an declaration pursuant to 42 U.S.C. §1983 that Defendant Beutel violated Whelchel's Fourteenth Amendment right to due process of law for the manner in which Whelchel was placed upon Eureka County's *Brady* list;

4. For an injunction to issue pursuant to 42 U.S.C. §1983 to prohibit Beutel from placing Whelchel on Eureka County's *Brady* list;

5. For attorney's fees and litigation costs incurred;

6. For such other and further relief as the Court deems just and proper.

DATED this 24th day of January, 2020.

LAW OFFICE OF DANIEL MARKS

_____
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
office@danielmarks.net
ADAM LEVINE, ESQ.
Nevada State Bar No. 004673
alevine@danielmarks.net
610 South Ninth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

8

# District Court

### EUREKA COUNTY, NEVADA

JACK AARON WHELCHEL,

Plaintiff,

v.

COUNTY OF EUREKA, a Political
Subdivision of the State of Nevada, and
THEODORE BEUTEL.

Defendants.
_____/

Case No.:
Dept. No.:

## SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 45 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANT: A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

### COUNTY OF EUREKA

1. If you intend to defend this lawsuit, within 45 days after this Summons is served on you exclusive of the day of service, you must do the following:

    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

    b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at direction of:

ADAM LEVINE, ESQ.
Nevada State Bar No. 004673
610 South Ninth Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

LISA HOEHNE, CLERK RECORDER

By: _____    _____
Deputy Clerk                             Date
Seventh Judicial District Court
10 S. Main Street
Eureka, Nevada 89316

**NOTE:** When service is by publication, add a brief statement of the object of the action.
See Rules of Civil Procedure, Rule 4(b).

STATE OF NEVADA     )
                    )   ss.   **AFFIDAVIT OF SERVICE**
COUNTY OF CLARK     )

_____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____ on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

(affiant must complete the appropriate paragraph)

1. delivering and leaving a copy with the defendant _____ at (state address) _____

2. serving the defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the defendant's usual place of abode located at (state address) _____

(Use paragraph 3 for service upon agent, completing A or B)

3. serving the defendant _____ by personally delivering and leaving a copy at (state address) _____

    a.  with _____ as an agent lawfully designated by statue to accept service of process;

    b.  with _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method):

    _____ ordinary mail
    _____ certified mail, return receipt requested
    _____ registered mail, return receipt requested

addressed to the defendant _____ at the defendant's last known address which is (state address) _____

SUBSCRIBED AND SWORN to before me this
_____ day of _____, 20_____        Signature of person making service


_____
NOTARY PUBLIC in an for said County and State

My commission expires: _____
(SEAL)